United States District Court
Southern District of Texas
**ENTERED**
May 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **EDUARDO GUADALUPE VIZCAYNO,** § § § | |
| **Plaintiff,** § § | |
| v. § | CIVIL ACTION NO. 4:24-cv-4664 |
| § | |
| **RCI MANAGEMENT INC.,** § § | |
| **Defendant.** § | |

## MEMORANDUM AND RECOMMENDATION

On January 27, 2025, the Court issued an Order of Non-Compliance, ordering Plaintiff Eduardo Guadalupe Vizcayno ("Plaintiff") to timely serve Defendant RCI Management Inc. ("Defendant"). (ECF No. 11). On February 12, 2025, Plaintiff filed a letter re: Proof of Service Exemption (ECF No. 12) that the Court construed as a request to have the U.S. Marshals effect service under Federal Rule of Civil Procedure ("Rule") 4(c)(3) and 28 U.S.C. § 1915(d) upon Defendant. (*See* ECF No. 13). Accordingly, on February 13, 2025, the Court ordered the U.S. Marshals Service to effectuate service upon Defendant in accordance with Rule 4(c)(3) and 28 U.S.C. § 1915(d). (*See id.*). A Deputy U.S. Marshal attempted to serve Defendant at the address provided by Plaintiff in his Complaint: 10737 Cutten Road, Houston, TX 77066. (ECF No.

1 at 2). Service was deemed unexecuted after two attempts. (ECF No. 15 at 2).

As such, on February 25, 2025, the Court ordered Plaintiff to furnish the Court with the correct identity and address of the individual to accept service of process on behalf of Defendant in ten (10) days. (ECF No. 16 at 2). The Court informed Plaintiff that failure to comply would result in the Court recommending dismissal of this case without prejudice. (*Id.*). Plaintiff failed to comply with the Court's Order. On March 10, 2025, the Court filed a Memorandum and Recommendation, recommending dismissal of the action without prejudice. (ECF No. 21). However, on March 14, 2025, Plaintiff filed a letter providing new addresses to serve Defendant. (ECF No. 22). On March 18, 2025, the Court vacated its Memorandum and Recommendation and ordered the U.S. Marshals Service to effectuate service upon the new addresses provided by Plaintiff. (ECF No. 23). On March 31, 2025, proof of service was filed stating service was effectuated upon "Front Desk Receptionist Marcia Sands" at 8910 Purdue Road, Suite 220, Indianapolis, IN. (ECF No. 27). To date, Defendant has not filed an answer. Accordingly, on April 23, 2025, the Court ordered Plaintiff to show cause in writing as to the validity of service. (ECF No. 31).

Plaintiff has the burden of providing proof that service was valid, including serving the correct address and acceptance of service by an authorized individual. *See Hampton v. Walmart Store # 539*, No. 1:24-cv-00124, 2024 WL 4906778, at *2 n.2 (W.D. La. Nov. 12, 2024), *report and recommendation adopted sub nom. Hampton v. Walmart Store #539*, No. 24-cv-124, 2024 WL 4906754 (W.D. La. Nov. 27, 2024) ("The 'serving party bears the burden of proving the validity of service or good cause for failure to effect timely service.'" (quoting *Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007))). "Additionally, the Fifth Circuit has held that the individual sought to be served must have been actually authorized to accept service of process on the would-be principal's behalf." *Id.* (citing *Lisson*, 262 F. App'x at 569). "Service on an unauthorized employee is insufficient 'even if such service [is] sufficient to apprise [the Corporation] of the action pending against it.'" *Id.* (quoting *Lisson*, 262 F. App'x at 569).

Further, "[a] district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing FED. R. CIV. P. 41(b)). "The court possesses the inherent authority to dismiss the action *sua sponte*, without motion by a defendant." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626,

630–31 (1962)). As such, Plaintiff has also failed to prosecute and comply with this Court's Order. (*See* ECF No. 15).

Here, the Court gave Plaintiff fourteen (14) days to submit proof of validity of service and informed Plaintiff that failure to do so will result in a recommendation of dismissal without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m). (*See* ECF No. 31). Plaintiff failed to provide validity of service within the fourteen (14) days provided by the Court. As such, the Court **RECOMMENDS** dismissal of this case without prejudice for failure to serve under Federal Rule of Civil Procedure 4(m) and failure to prosecute under Federal Rule of Civil Procedure 41(b). Accordingly, the Court **FURTHER RECOMMENDS** Plaintiff's Motion for Evidence Hearing be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on May 12, 2025.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Richard W. Bennett
　　　　　　　　　　　　　　　　United States Magistrate Judge